UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BYRON WILSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS and C/O TRUMBELL,<br><br>　　　　Defendants. | 2:07-CV-01518-LRH-PAL<br><br>ORDER |

　　　　Presently before the court is Defendant Nevada Department of Corrections' ("NDOC") Motion to Dismiss (#15[1]). Plaintiff Byron Wilson has not responded. In light of Plaintiff's failure to respond, on October 17, 2008, the NDOC filed a "Motion for Court Decision on Defendant's Motion to Dismiss" (#17).

　　　　In the complaint, Plaintiff alleges that in May 2006, he was housed in a segregated unit at High Desert State Prison. He alleges that another inmate was a porter in his housing unit, and that the inmate was involved in the molestation of plaintiff's sister. Plaintiff alleges that correctional officer Trumbell "popped open the doors knowing of the security risk that this would pose. Plaintiff rushed the [inmate] porter and was inadvertently shot 4 times by c/o Trumbell." (Compl. (#10 at 3.) Plaintiff further alleges that "c/o's Tursky and Goober were not informed nor did they

---

[1] Refers to the court's docket number.

do nothing [sic] to stop this incident from happening." (Compl. (#10) at 3.)  Finally, Plaintiff alleges that he lost eyesight in his right eye as a result of the shots fired at him during the altercation with the inmate porter.

On May 9, 2008, this court dismissed Plaintiff's claims against Defendants Tursky and Goober (#11).  On June 30, 2008, the NDOC filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (#15).  The NDOC filed a certificate of service and it appears that the motion was delivered to Plaintiff's address on record.

Immediately after the NDOC filed its motion to dismiss, this court issued a minute order (#16) setting forth the dates for Plaintiff to file an opposition to the motion to dismiss (15 days).  In the order, the court noted that, pursuant to Local Rule 7-2(d), the "failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

Over five months have passed since the NDOC filed its motion to dismiss.  To date, Plaintiff has not responded in any way to the motion to dismiss or other filings by the court or the NDOC.  Accordingly, pursuant to Local Rule 7-2(d), the court will grant the NDOC's Motion to Dismiss (#15).

The court further finds that dismissal of Plaintiff's claim against the NDOC is proper because the NDOC is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment bars suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "In the absence of a waiver by the state or a valid congressional override, under the Eleventh Amendment, agencies of the state are immune for private damage actions or suits for injunctive relief brought in federal court."  *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).

Here, it is undisputed that the NDOC is an agency of the State of Nevada.  *See Taylor v.*

*List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that the Nevada Department of Prisons is a state agency entitled to immunity under the Eleventh Amendment).  Further, there is no indication that the NDOC has waived its immunity, and the Supreme Court has held that in enacting § 1983, Congress did not intend to abrogate a state's immunity under the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985).  Thus, the NDOC is entitled to sovereign immunity in this case, and the court will dismiss Plaintiff's claim against the NDOC.

Plaintiff has also sued Defendant Trumbell, both in his individual and his official capacity. "Suits against state officials in their official capacity . . . should be treated as suits against the State . . . because the real party in interest in an official-capacity suit is the governmental entity." *Hafer v. Melo*, 502 U.S. 21, 25 (19) (citations omitted).  In an official-capacity action, the defendant can claim forms of immunity that the governmental entity may possess, including immunity under the Eleventh Amendment.  *Graham*, 473 U.S. at 167.  Thus, "if the suit requests that the federal court order a state officer to pay funds from the state treasury for his wrongful acts, the Eleventh Amendment bars the suit because the states is the real party in interest." *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988).

Here, in part Plaintiff sues Defendant Trumbell in his official capacity for monetary damages.  The court finds that the Eleventh Amendment bars Plaintiff's claim against Defendant Trumbell in his official capacity.  Accordingly, the court will dismiss Plaintiff's claim against Defendant Trumbell for actions taken in his official capacity.

Finally, the court notes that through this and prior orders, the court has dismissed Plaintiff's claims against the NDOC, Defendant Tursky, Defendant Goober, and Defendant Trumbell acting in his official capacity.  Thus, the only claim remaining before the court is Plaintiff's claim against Defendant Trumbell for actions taken in his personal capacity.  Defendant Trumbell has not yet made an appearance in this lawsuit.  After reviewing the record, it is not clear to the court that, as required by Federal Rule of Civil Procedure 4, Plaintiff has served Defendant Trumbell with a copy

of the complaint and a summons.  Although Plaintiff served the NDOC, the NDOC explicitly refused to accept service on behalf of Defendant Trumbell because he is no longer employed with the NDOC.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after filing the complaint.  Fed. R. Civ. P. 4(m).  Under Rule 4(m), before dismissing the action, the court must give the plaintiff notice and an opportunity to show good cause why service was not made.  *See Oyama v. Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  Accordingly, the court grants Plaintiff thirty (30) days from the date of this order to show good cause why Defendant Trumbell has not been served.  If Plaintiff shows good cause, the court will extend the time period under which Plaintiff can serve Defendant Trumbell.  If, however, Plaintiff fails to show good cause within thirty (30) days of the issuance of this order, the court advises Plaintiff that, pursuant to the discretion afforded to the court under Rule 4(m), the court will likely dismiss the case.

IT IS THEREFORE ORDERED that the NDOC's Motion to Dismiss (#15) is hereby GRANTED.  Plaintiff's claims against the NDOC and Defendant Trumbell in his official capacity are hereby DISMISSED.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the date of this order to show good cause why Defendant Trumbell has not been served.

IT IS SO ORDERED.

DATED this 30th day of December, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE